Filed 10/29/15  P. v. Diaz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL TORRES DIAZ,<br><br>    Defendant and Appellant. | H041541<br>(Santa Clara County<br>Super. Ct. No. C1243943) |

Defendant Daniel Torres Diaz pleaded no contest to:  Count One—committing a lewd or lascivious act on a child by force (Pen. Code, § 288, subd. (b)(1)); [1] Count Three—contacting a minor with intent to commit a sexual offense (§ 288.3, subd. (a)); Count Four—going to an arranged meeting place to meet with a minor with the intent to commit a sexual offense (§ 288.4, subd. (b)); and Count Five—possessing matter depicting a minor engaging in sexual conduct (§ 311.11, subd. (a)).  In accord with a plea agreement, the trial court denied probation and sentenced defendant to a term of eight years eight months.

We appointed counsel to represent defendant in this court.  Appointed counsel filed an opening brief stating the case and the facts, but raising no specific issues on appeal.  We notified defendant of his right to submit written argument on his own behalf

---

[1] Subsequent undesignated statutory references are to the Penal Code.

within 30 days. That period has elapsed, and we have received no written argument from defendant. We have reviewed the entire record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). (See also *People v. Kelly* (2006) 40 Cal.4th 106.) We conclude there is no arguable issue on appeal, and we will affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant was a 50-year-old day laborer at the time of the offenses. On October 28, 2012, C.D., a 12-year-old boy, was walking to a nearby store with a friend when defendant approached the two boys and offered them money. C.D's friend accepted an unknown amount of money and apparently received defendant's phone number. After the friend used C.D.'s phone to call defendant, defendant repeatedly called C.D. and asked to meet with him. C.D. and his brother recorded one of the conversations, in which defendant offered to give C.D. gifts and money if C.D. agreed to "be with him."

On the same day, defendant approached 10-year-old J.D. outside the same store and offered him money. When J.D. declined the offer, defendant grabbed the handlebars of J.D.'s bicycle and pulled J.D. to defendant's nearby residence. Outside the residence, defendant told J.D., "If you want money, you have to spend time with me." J.D. again declined. Defendant let J.D. go only after J.D. agreed to bring his friends to defendant's residence. J.D. subsequently told police defendant had taken him into the residence before J.D. ran away.

The police arrested defendant and interrogated him in custody. On defendant's cell phone, police found a screen saver photo of a young boy approximately 14 to 16 years old dressed in underwear. A further search of defendant's phone revealed 350 photos, most of which showed young boys aged 12 to 16 years. Police also found a text message with a "selfie" photo of a 12- or 13-year-old boy exposing his penis.

---

[2] The factual narrative is based on the facts set forth in the probation report.

In November 2012, the prosecution charged defendant by information with five counts: Count One—kidnapping a person under 14 (§ 207, subd. (a), 208, subd, (b)); Count Two—exhibiting harmful matter to a minor (§ 288.2, subd. (a)); Count Three—contacting a minor with the intent to commit a sexual offense (§ 288.3, subd. (a)); Count Four—going to an arranged meeting place to meet with a minor with the intent to commit a sexual offense (§ 288.4, subd. (b)); and Count Five—possessing matter depicting a minor engaging in sexual conduct (§ 311.11, subd. (a)).

Defendant and the prosecution reached a plea agreement whereby the prosecution moved to dismiss Count Two and amended Count One, changing it from kidnapping to committing a lewd or lascivious act on a child by force. Defendant agreed to plead no contest to amended Count One and to the remaining charges in exchange for a sentence of eight years eight months. On August 29, 2014, defendant pleaded no contest to the charges as agreed upon.

On October 7, 2014, just before the sentencing hearing, the trial court denied defendant's request to withdraw his plea. The court also denied defendant's request to replace his counsel under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). The court then sentenced defendant to eight years eight months in prison.

## II. DISCUSSION

We reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436. We find defendant was adequately advised of his rights and the consequences of his plea. Defendant freely, knowingly, and intelligently waived his rights and entered his plea. The trial court properly denied defendant's motions to withdraw his plea and to replace his counsel under *Marsden*. No sentencing error appears. We conclude there is no arguable issue on appeal.

## III. DISPOSITION

The judgment is affirmed.

_____
Márquez, J.

WE CONCUR:


_____
 Rushing, P. J.




_____
 Grover, J.




No. H041541
People v. Diaz